(No. 5409.  Decided December 22, 1904.)

The State of Washington, *Respondent,* v. Robert L. Chaney, *Appellant.*[1]

Barbers—Regulation of—Revocation of License to Practice Trade—Construction of Act.  Laws 1901, p. 345, providing for the licensing of barbers, and creating a board to regulate the practice of the trade, gives such board power to revoke a certificate for the causes specified, issued to barbers who were following the occupation at the time the act went into effect as well as to those who were not, there being no distinction between "certificates" to such barbers, and "certificates of registration" to barbers who afterwards apply and take the examination.

Same—Penalty for Practice—Revocation of License.  Laws 1901, p. 349, providing a penalty for following the occupation of a barber without first having obtained a license, applies to one whose license had been regularly revoked, and who continued to practice without obtaining another license.

[1]Reported in 78 Pac. 915.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 4, 1904, upon a trial and conviction of the offense of violating the act regulating the occupation of barbering.　Affirmed.

*Shank & Smith* and *Richard Winsor,* for appellant.

*W. T. Scott, R. W. Prigmore,* and *John B. Hart,* for respondent.

Fullerton, C. J.—The appellant was convicted of violating the act regulating the occupation of barbering, and sentenced to pay a fine.　From the judgment and sentence, he appeals.

From the record it appears that the appellant was engaged in the occupation of barbering, in the city of Seattle, at the time the act above referred to was enacted by the legislature and went into effect; that he complied with the provisions of that act within the time therein limited, by filing with the secretary of the board of examiners, thereby created, an affidavit, "setting forth his name, residence and length of time during which, and places where he had practiced such occupation," paid the license fee required, and received a certificate of registration, entitling him to follow his occupation in Seattle for one year thereafter.　A year later he paid the charges required for a renewal certificate, and received such a certificate from the registration board; and again, in June, 1903, he paid to the secretary of the board the renewal fee, and received a receipt therefor from the secretary; but, owing to the fact that an inquiry was then pending as to the manner in which he was conducting his shop, a renewal certificate was not issued him. Later this inquiry developed into a trial before the board, which resulted in a finding by the board to the effect that the appellant was conducting his barber shop in "an un-

sanitary and filthy manner," and in a revocation of his certificate. The appellant, however, continued to follow his occupation, after such revocation, and this proceeding was prosecuted against him, with the result above stated.

The information upon which the appellant was convicted recited substantially the foregoing facts, and it is contended by counsel for the appellant that it does not state facts sufficient to constitute a crime; the precise contentions being, (1) that, under the terms of the act regulating the occupation of barbering, the board of examiners, thereby created, has no power or authority to revoke a certificate of registration, issued to barbers who were following the occupation of a barber at the time the act went into effect, but that the power conferred on the board in that behalf is confined to barbers who have commenced that occupation since the passage of the act; and (2) that the act provides no penalty for following the occupation of barbering after a certificate of registration has been revoked.

The sections of the act applicable to an understanding of these contentions are the following:

"§ 1.  It shall be unlawful for any person to follow the occupation of barber in any incorporated city or town in this state, unless he shall have first obtained a certificate of registration as provided in this act: Provided, however, That nothing in this act shall apply to or affect any person who is now engaged in such occupation except as hereinafter provided. . . .

"§ 9.  Every person now engaged in the occupation of barber in cities of the first, second or third class in this state shall within ninety days after the approval of this act file with the secretary of said board an affidavit setting forth his name, residence and length of time during which and the places where he has practiced such occupation, and shall pay to the secretary of said board one dollar, and a certificate entitling him to practice

said occupation for one year shall thereupon be issued to him.

"§ 10.   To obtain a certificate of registration under this act, any person excepting those mentioned in section nine shall make application of said board, and shall pay to the secretary an examination fee of five dollars, and shall present himself at the meeting of the board for examination of applicants.   The board shall examine such person, and being satisfied that he is above the age of eighteen years, of good moral character, free from contagious or infectious disease, has studied the trade for two years as an apprentice under or as a qualified and practicing barber in this state, or other states, and is possessed of the requisite skill to properly perform all the duties, including his ability in the preparation of the tools used, shaving, cutting of the hair and beard and all the various services incident thereto, and has sufficient knowledge concerning the common diseases of the face and skin to avoid the aggravation and spreading thereof in the practice of his trade, his name shall be entered by the board in a register hereinafter provided for and a certificate of registration shall be issued to him authorizing him to practice said trade in this state, for one year.   All certificates shall be renewed each year, for which renewal, a fee of fifty cents shall be paid.   All persons making application for examination under the provisions of this act, shall be allowed to practice the occupation of barber until the next meeting as designated by said board. . . .

"§ 12.   Said board shall furnish to each person who has successfully passed examination, a certificate of registration, bearing the seal of the board and the signature of its president and secretary certifying that the holder thereof is entitled to practice the occupation of barber in this state, and it shall be the duty of the holder of such certificate to post the same in a conspicuous place in the shop.

"§ 13.   Said board shall keep a register in which shall be entered names of all persons to whom certificates are

23-36 WASH.

issued under this act, and said register shall be at all times open to public inspection.

"§ 14. Said board shall have power to revoke any certificate of registration granted by it under this act, for (a) conviction of crime, (b) drunkenness, (c) having or imparting any contagious or infectious disease or (d) for doing work in an unsanitary or filthy manner: Provided, That before any certificate shall be revoked the holder thereof shall have notice in writing of the change [charge] or charges against him, and shall at a day specified in said notice, at least five days after the service thereof be given a public hearing and full opportunity, to produce testimony in his behalf, and to confront the witnesses against him. Any person whose certificate has been so revoked may after expiration of ninety days upon application have the same re-issued to him upon satisfactory showing that disqualification has ceased.

"§ 15. Any person practicing the occupation of barber in any city of the first, second or third class in this state, without first having obtained a certificate of registration as provided in this act, or falsely pretending to be practicing such occupation under this act, or who uses, or allows towels to be used on more than one person before such towels have been laundered; or razors, lather, or hair brushes on more than one person before same shall have been sterilized, or in violation of any of the provisions of this act, and every proprietor of a barber shop who shall wilfully employ a barber who has not such a certificate shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than ten dollars nor more than one hundred dollars, or by imprisonment in the county jail not less than ten days nor more than ninety days, or both." Laws of 1901, p. 349.

In support of his first contention, the appellant argues that the act makes a distinction as to the character of the certificates that are issued under the act; that the act provides for two characters of certificates, the first

of which is called a "certificate," merely, while the second is called a "certificate of registration;" that the former is issued to barbers who were following that occupation at the time the act went into effect, and that, as to them, nothing further was provided or intended, but that they can follow their occupation from that time on, free from the supervision or control of the board of examiners; that a "certificate of registration" is issued only to those who seek to commence the occupation of barbering since the passage of the act, and it is such barbers only that the board have power to supervise and control, and whose authority to follow the business can be revoked for the causes enumerated in § 14.

It seems to us, however, that the appellant mistakes the effect of the language employed in the act. It is true, the act is not skillfully drawn, and is somewhat confusing in the language used, but its plain purpose was to regulate the occupation of barbering in this state, as practiced by all barbers, those already engaged in the business, as well as those who should engage in it after its passage; and that the word "certificate," and the phrase "certificate of registration," have one and the same meaning. The only distinction made, as we view it, is that it was intended by the legislature that those who should be engaged in the occupation of barbering, at the time the act went into effect, should be permitted to continue to do so without examination as to their qualifications, while those who should come in thereafter should submit to such examination; but all were to stand thereafter on an equal footing—all were required to obtain a certificate, in order to engage in the occupation, which certificate could be revoked for crime, drunkenness, if the holder became afflicted with contagious or infec-

tious diseases, or did his work in an unsanitary or filthy manner. This is gathered from the words of the act. By the first section, it is made unlawful for any person to follow the occupation of barber, in the designated places, without having a certificate of registration. By § 9, those engaged in the occupation, at the time of the passage of the act, were entitled to a certificate for one year on paying certain fees, without examination as to their qualifications. By § 10, those thereafter applying were required to pass an examination before a certificate could be issued to them. And, in the same section, it is provided that "all certificates" shall be renewed each year, and, by § 14, the board of examiners is given power to revoke any certificate for the acts therein enumerated. These sections, as we say, clearly imply that the only distinction to be made between the two classes was that those following the business in the designated districts, at the time of the passage of the act, did not have to pass an examination as to their qualifications in order to obtain a certificate, while those commencing business subsequent thereto were obligated to take such an examination. We conclude, therefore, that the board of examiners had power to revoke the appellant's certificate.

The second contention is founded upon the language of § 15. By that section, it will be noticed, a penalty is provided for "practicing the occupation of barber . . without first having obtained a certificate of registration as provided in this act," which, it is said, is a different thing from practicing the occupation of barber after his certificate of registration had been revoked—the offense charged and proven against the appellant. But we think this distinction not well founded. A person who engages in the occupation, after his license is revoked,

without procuring another one, is following the occupation "without first having obtained a certificate of registration," as much so as is a person who engages in the occupation without having obtained a certificate at all. Both stand on the same plane. Neither have a license, and each engage in the business. The fact that one, at some past time, held such a license, does not make their respective situations different.

The case of *Ex Parte McNulty*, 77 Cal. 164, 19 Pac. 237, 11 Am. St. 257, is cited by appellant as sustaining the last contention noticed. It will be observed, by an examination of the several opinions in that case, that this is not the ground upon which the decision is rested. Judge McFarland gave it as one of the reasons for granting the writ, and his opinion was concurred in by Judge Sharpstein. The other judges, however, who concurred in the judgment, do not urge this as one of the grounds for so doing, although they stated their reasons for concurring in the judgment in separate opinions. But if we are mistaken in this, and if it be true that the case, properly construed, does so hold, we would not follow it, as the reasoning upon which it is rested does not appeal to us as being either sound or conclusive.

The judgment is affirmed.

HADLEY, DUNBAR, ANDERS, and MOUNT, JJ., concur.